**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1253

_____

PAUL ARGEN; SURENDER MALHAN,
                                        Appellants

v.

HONORABLE DAVID KATZ

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-18-cv-00963)
District Judge: Hon. Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Filed: September 15, 2020)

_____

OPINION[*]

_____

_____

    [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

MATEY, *Circuit Judge*.

Paul Argen and Surender Malhan appeal the denial of their motion for injunctive relief or expedited declaratory relief seeking to enjoin a state court from prohibiting disclosures about an ongoing custody dispute. But 42 U.S.C. § 1983 precludes injunctive relief against judicial officers here, and we lack jurisdiction to review the denial of the expedited declaratory relief. So we will affirm.

## I. BACKGROUND

We write for the parties and so recount only the facts necessary to our decision. In the midst of a long divorce and child custody dispute, a New Jersey family court issued an order barring Malhan from discussing with the media, or posting online, "any material regarding the issues surrounding his divorce or custody proceedings."[1] (App. at 6.) That order was later vacated and replaced with an order prohibiting Malhan and his former wife from discussing custody-related information with news sources, or posting information about their children and the custody dispute on social media. Malhan, along with Argen, challenged this second order in federal court, arguing that it violated the First and Fourteenth Amendments by "impos[ing] an intolerable burden on speech and on the press." (App. at 37.) They sought a declaration that the order was unconstitutional as well as a preliminary and permanent injunction enjoining its enforcement. After filing their complaint, Appellants filed a series of motions seeking a preliminary injunction. In the last

---

[1] The court later amended this order, but the bar on publicly sharing information related to the proceedings remained.

two, Appellants alternatively sought expedited declaratory relief declaring the order unconstitutional.

The District Court denied the motions,[2] explaining that injunctive relief could not be granted against a judicial officer except in exceptional circumstances not present. The District Court also held that Appellants had not shown a likelihood of success on their motion for a preliminary injunction. But the District Court did not dismiss Appellants' original claim for declaratory relief. Appellants timely appealed and we will now affirm.

## II. ANALYSIS

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Circuit courts have limited jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). But we lack jurisdiction to review the denial of expedited declaratory relief. As a result, we limit our review to the denial of the preliminary injunction.

"We review the grant or denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof," exercising de novo review over the District Court's legal conclusions but reviewing its factual findings for clear error. *Greater Phila. Chamber of Com. v. City of Philadelphia*, 949 F.3d 116, 133–34 (3d Cir. 2020) (internal quotation marks omitted). As the District Court correctly noted, 42 U.S.C. § 1983 precludes injunctive relief against judicial officers for official acts "unless a

---

[2] The appellant's last motion for a preliminary injunction superseded their third motion, which the District Court had not yet resolved.

declaratory decree was violated or declaratory relief was unavailable." Neither exception exists here—no declaratory decree has been violated, and declaratory relief is not unavailable. So injunctive relief against Judge Katz is unavailable here, and we will affirm the District Court's decision.